IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | Case No. 1:09-CR-20-3 |
| | : | |
| v. | : | |
| | : | Judge Spiegel |
| **DAVID KEMP** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANT'S MOTION FOR DISCOVERY**

Defendant David Kemp, requests, pursuant to Rules 12(b) and 16 of the Federal Rules of Criminal Procedure, and the other cited authorities, that the government provide the discovery set forth below.

**DEFINITIONS AND INSTRUCTIONS**

A. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make each discovery request inclusive rather than exclusive.

B. Defendant requests the disclosure of all material and information listed below to the extent that it is available to, or within the possession, custody or control of the government, or the existence of which is known or by the exercise of due diligence may become known to the person(s) charged with responsibility for the prosecution of this case.

**DISCOVERY REQUESTS AND INCORPORATED MEMORANDUM OF LAW**

Defendant requests that the government provide him with the following:

1.  Pursuant to Rule 16(a)(1)(A), the defendant is entitled to disclosure of all statements made by the defendant. The requested discovery includes, but is not limited to:

    a)  All written or recorded statements;

    b)  All written summaries of oral statements;

    c)  All recorded testimony before any grand jury, administrative agency, legislative body or other agency, board or body affiliated with, a part of or controlled by the government.

If the statements are recorded, please provide a transcript and audible copy of each recording. See United States v. Bailleaux, 685 F.2d 1105, 1114 (9th Cir. 1982). In addition, please provide all rough notes of all statements referred to above. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976). This request includes all statements and admissions that may have been incorporated into any report, memorandum, transcript or other document or recording prepared by federal, state or local government agents or attorneys, or by any other person working in connection with such agents or attorneys. This request also encompasses statements made by the defendants or their agents to a third party who then repeated or reported the alleged statements to the government. See United States v. Thevis, 84 F.R.D. 47, 55 (N.D. Ga. 1979).

2.  Pursuant to Rule 16(a)(1)(B), the defendant is entitled to a copy of defendant's prior criminal records.

3.  Pursuant to Rule 16(a)(1)(C), the defendant is entitled to discovery of all of the following which are material to the preparation of his defense, or are intended for use by the prosecution as evidence at trial, or were obtained from or belong to the defendant:

    a)  books, papers or documents;

    b)  photographs;

        c)        tangible objects; and

        d)        notice of and access to buildings and/or places.

Defendant requests that the government state as to each item produced or disclosed in response to this request whether it is intended for use by the prosecution as evidence at the trial, is material to the preparation of the defense, or was obtained from or belongs to the defendant.

    4.    Pursuant to Rule 16(a)(1)(D), all of the following which are material to the preparation of the defense or are intended for use by the government as evidence at the trial:

        a)        all results and reports of physical and mental examinations made in connection with this case; and,

        b)        all results and reports of scientific tests and experiments made in connection with this case.

Defendant requests that the government state as to each item produced or disclosed in response to this request whether it is intended for use by the prosecution as evidence at the trial or is material to the preparation of the defense.

    5.    Pursuant to Rule 16(a)(1)(E), disclose a written summary of the testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications.

    6.    All documents indicating that defendant or his agents were the subject of eavesdropping, wiretapping or any other interception of communications, and all tape recordings, video recordings, or other electronic recordings of such communications. See 18 U.S.C. §§ 2518(8)(d) and (10)(a).

    7.    Pursuant to 18 U.S.C. § 3504, affirm or deny the existence of any unlawful electronic surveillance by any federal, state or local authority in connection with defendant.

8. All documents concerning the conclusions, opinions and findings of any expert witness, whether or not the government intends to call such person as a witness and whether or not such person prepared a written report. United States v. Barrett, 703 F.2d 1076, 1081 (9th Cir. 1983); Brady v. Maryland, 373 U.S. 83 (1963). This request includes witnesses who the Government intends to call as "summary" witnesses.

9. All documents and information concerning other crimes, wrongs or bad acts allegedly committed by defendants, and all other evidence covered by Fed. R. Evid. 609 or 404(b) that the government may seek to introduce at trial, together with the government's theory for its admission. 18 U.S.C. § 404(b); See United States v. Foskey, 636 F.2d 517, 526 n.8 (D.C. Cir. 1980).

10. Pursuant to In re: Search Warrants Issued August 29, 1994, 889 F. Supp. 296 (S.D. Ohio 1995), disclose the search warrant application (including, but not limited to, the warrant affidavit) in connection with the premises located at 2016 Colerain Avenue, Cincinnati, Ohio.

11. Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) and Giglio v. United States, 405 U.S. 150 (1972), disclose all exculpatory and/or impeaching material, including but not limited to:

    a) All documents and other information concerning the arrest or conviction of each prospective government witness, including the docket number and jurisdiction of all past and pending cases. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988). This includes, but is not limited to, documents and other information concerning the title, court, year and document number of all judicial proceedings in all criminal cases involving (as a witness,

unindicted co-conspirator, aider, abettor or defendant) any person who is a prospective prosecution witness at the trial in this action;

b) The oral and written results of all polygraph tests administered to any witness or potential witnesses. Carter v. Rafferty, 826 F.2d 1299, 1306-09 (3d Cir. 1987), cert. denied, 484 U.S. 1011 (1988);

c) All express and implicit promises, understandings, offers of immunity, offers of past, present or future compensation, and any other kind of agreement or understanding between any prospective government witness and the government (federal, state or local), including all such understandings relating to criminal or civil income tax liability. United States v. Shaffer, 789 F.2d 682, 689 (9th Cir. 1986); United States v. Levasseur, 826 F.2d 158 (1st Cir. 1987).

d) All considerations and promises of consideration given during the course of the investigation of the charges in this matter by any law enforcement official to any prospective government witness, and all such consideration and promises known by the government to be expected or hoped for by any such witness. This request includes anything which might be of value or use to a witness, including but not limited to promises (formal or informal) of leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative or other matter involving the state or federal government, or any other authority or parties; payments of money, rewards or fees, witness fees and special witness fees; letters to anyone informing the recipient of the witness' cooperation; and anything else which arguably could reveal an interest, motive or bias by the witness in favor of the prosecution or against any defendant, or act as an inducement to testify or color his or her testimony.

e) All statements (formal and informal, oral and written) by the prosecution, its agents and representatives to prospective prosecution witnesses (including counsel for such persons) pertaining in any way to the possibility, likelihood, course or outcome of any government action (state or federal, civil or criminal) against such prospective prosecution witness, or anyone related by blood or marriage to such prospective witness;

f) All documents and other information concerning pending criminal prosecutions, investigations, including any state or federal tax investigations, and potential prosecutions which could be brought against any prospective government witnesses, See United States v. Chitty, 760 F.2d 425, 428 (2d Cir.), cert. denied, 474 U.S. 945 (1985), and concerning any probationary, parole, deferred prosecution or custodial status of all such witnesses;

g) All discussions with prospective prosecution witnesses about, or advice concerning, any potential prosecution, or any possible plea bargain, even if no bargain was made, or the advice was not followed. Brown v. Dugger, 831 F.2d 1547, 1558 (11th Cir. 1987); Haber v. Wainwright, 756 F.2d 1520, 1523-24 (11th Cir. 1985).

h) All evidence that any prospective prosecution witness has ever made any false statement (whether or not under oath or under penalty of perjury) in grand jury testimony, informal debriefings or interviews, or in federal, state or local tax returns, and all evidence that any prospective prosecution witness does not have a good reputation in the community for honesty. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

i) All evidence that any prospective prosecution witness has made a contradictory or inconsistent statement with regard to this case, and/or any statement showing bias or a motive to fabricate. United States v. Strifler, supra; United States v. Hibler, 463 F.2d

- 6 -

455, 460 (9th Cir. 1972); Hudson v. Blackburn, 601 F.2d 785, 789 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

j) All evidence that the testimony of any prospective prosecution witness is inconsistent with any statement of any other person or prospective witness. Hudson v. Blackburn, supra; United States v. Hibler, supra;

k) All material that reflects or evidences a motive by any prospective prosecution witness to cooperate with the government, or any bias, hostility or prejudice against the defendant, or any motive to falsify or distort his or her testimony. United States v. Strifler, supra.

l) All evidence that any prospective prosecution witness is or has been an alcoholic or consumed illegal drugs prior to or after witnessing events about which the witness has given or will give testimony or information, while cooperating with law enforcement authorities (state, local or federal), while on bond or while awaiting sentencing;

m) All evidence, including medical or psychiatric reports or evaluations, tending to show that any prospective prosecution witness' ability to perceive, remember, communicate, or tell the truth is impaired, including evidence that such a witness used drugs of any kind (legal or illegal), or consumed alcohol, prior to or after witnessing events about which the witness has given or will give testimony or information. United States v. Strifler, supra; Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

n) All requests prepared by the prosecution for permission to grant immunity or leniency for any prospective witness, whether or not such request was granted;

o) All records and/or information regarding any search warrants executed on the residential or business premises of any prospective government witness;

        p)      Specific instances of misconduct or "bad acts" by all witnesses expected to be called by the government, including all instances where a prospective government witness was interviewed by any law enforcement agent, including, but not limited to agents employed by the Drug Enforcement Agency;

        q)      The disclosure of all occasions known to the government on which a prosecution witness has previously testified if that testimony relates or arguably could relate to the present case or the credibility of the prosecution witness ;

        r)      Copies of any and all records of any law enforcement agency reflecting any commendations, awards or recognition of any kind of the agents or investigators involved in this case with respect to this case; and

        s)      All records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence.

12.    All other evidence which is favorable to the defendants and material either to guilt or punishment. Defendant requests that the government provide all such information and/or evidence regardless of whether the government believes that the defendant knows of, should know of or could learn of the existence, content or substance of such evidence.

13.    Pursuant to Rule 16 and the defendant's right to effective assistance of counsel and a fair trial, all statements that the government intends to offer in its case in chief as a statement by or attributed to the defendants of the following nature:

        a)      All statements as to which defendant manifested his adoption or belief in its truth;

b) All statements made by another that purportedly were authorized by defendant, or may be deemed to be admissions by the defendant;

c) All statements by alleged accomplices, agents or servants of defendant concerning matters within the scope of any agency or employment made during the existence of such a relationship; and

d) Pursuant to the foregoing authorities, also disclose:

(1) Copies of all charts and summaries that the government intends to, or may, use or introduce into evidence at trial;

(2) The names and last known addresses of, as well as the statements and testimony of, all persons whom the government does not intend to call as witnesses at trial who were interviewed by the government or who testified before the grand jury in this case;

(3) The names and last known addresses of all potential government witnesses.  See United States v. Napue, 834 F.2d 1311, 1318 (7th Cir. 1987); United States v. Armstrong, 621 F.2d 951, 955 (9th Cir. 1980); United States v. Anderson, 481 F.2d 685, 693 (4th Cir. 1973);

(4) The names and last known addresses of all witnesses to any crime charged (or any overt acts committed in furtherance thereof) who will not be called as a government witness.

       United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984);

(5)    All evidence, including all statements by any person, tending to exculpate defendants in whole or in part. United States v. Srulowitz, 785 F.2d 382 (2d Cir. 1986);

(6)    The names and identities of all government informants. See United States v. McManus, 560 F.2d 747, 751 (6th Cir. 1977), cert. denied, 434 U.S. 1047 (1978);

(7)    All prior written, recorded, or oral statements of each prospective prosecution witness relating to this case, to whomever made;

(8)    All notes and/or any other writings, documents or exhibits of any kind used by potential witnesses before the grand jury. United States v. Wallace, 848 F.2d 1464, 1470 (9th Cir. 1988);

(9)    Agents' and/or prosecutor's notes of interviews with prospective prosecution witnesses. See Goldberg v. United States, 425 U.S. 94 (1976); and

(10)    All transcripts of the grand jury testimony of each prospective prosecution witness, and of all remarks addressed to the grand jury by the prosecutor.

Defendant requests that the government provide the requested discovery as soon as practicable. Defendant also requests that the government observe its continuing duty pursuant to

Federal Rules of Criminal Procedure to produce and disclose material and information that it learns of or obtains after discovery is provided hereunder, but which otherwise is covered by these discovery requests.

        Respectfully submitted,

        S/William M. Welsh
        William M. Welsh (0059973)
        215 E. Ninth Street
        Suite 100
        Cincinnati, Ohio 45202
        (513) 241-1989

        Attorney for David Kemp.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served U.S. Mail, postage prepaid, upon Karl Kadon, Esq., Assistant United States Attorney, 221 East Fourth Street, Suite 400, Cincinnati, OH 45202, this 24th day of February, 2009.

        S/William M. Welsh
        William M. Welsh