**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT COURT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO.: 1:09-CR-00020(3)** |
| **Plaintiff,** | : | **JUDGE S. ARTHUR SPIEGEL** |
| **-VS-** | : | |
| **DAVID KEMP** | : | |
| **Defendant.** | : | |

**DEFENDANT'S DEMAND FOR DISCOVERY**

Defendant, through counsel, hereby requests Counsel for the Government to provide the discovery authorized under Rule 16, F.R.Cr.P., as follows:

[NOTE: When the designation co-defendant and co-conspirator are hereinafter used, they shall have the following meanings:

Co-defendant means any person or persons other than defendant herein who is charged in any count of the indictment in the above-numbered case or in any other case or cases relating to the same or similar charges or arising out of or connected with the conduct which forms the basis of the indictment in this case.

Co-conspirator means any person or persons known to have engaged in any of the conduct charged in any count of the indictment in the above-numbered case which forms the basis of the charges against the defendant or a co-defendant or of any conduct which the Government proposes to introduce into evidence against the defendant or a co-defendant in this case even though said person is not indicted or named in the indictment in this case or any other case.]

A.  To permit the Defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the United States Attorney:

   1. Relevant written or recorded statements made by the Defendant, or copies thereof.

   2. That portion of any written record containing the substance of any relevant oral statement, or copies thereof, made by the Defendant to a Prosecuting Attorney or any law enforcement officer whether such oral statement was made before or after arrest.

   3. Recorded testimony of the Defendant before any grand jury that considered testimony on this case.

   4. Sound recordings, including the original and any transcription of any statements mentioned in Items A-1, A-2, and A-3, above, whether deemed to be audible or inaudible by the Government.

   5. The requests set forth in A-1 through A-4 above specifically include recorded and/or monitored statements of the Defendant or co-defendant that were obtained as a result of electronic monitoring and/or recorded devices, including but not limited to the following methods: telephone wiretapping done pursuant to authorization from either a state or federal court; telephone wiretapping done without court approval; wired informer(s) and/or wired law enforcement officer(s); and/or agent(s) of law enforcement officer(s); surreptitious monitoring and/or recording by electronic monitoring equipment utilized at either federal, state, or municipal law enforcement offices.

B.  To disclose whether or not any of the recordings mentioned in Item A-4 above have been erased, destroyed, or altered, either intentionally or inadvertently.

C.  To disclose to Defendant any acts of surreptitious overhearing, listening, or otherwise monitoring, [either intentionally or inadvertently], of any communications between persons, in person or by telephone, to which the Defendant was a party, whether or not any party to the communication consented thereto or whether or not such listening was conducted in violation of State or Federal law, or any allowable exception thereto. In the event of such surreptitious overhearing, listening, or otherwise monitoring, to provide the original recordings and transcripts thereof and to disclose whether or not such recordings have been erased, altered, or destroyed, either intentionally or inadvertently.

D.	To furnish Defendant a copy of the prior criminal record which is available to or within the possession, custody or control of the Government, including but not limited to the records of the Federal Bureau of Investigation, the Ohio Bureau of Criminal Identification and Investigation, any county or municipal law enforcement agency in the State of Ohio for:

    1. The Defendant;

    2. Any co-defendant [requested as potential Brady material];

    3. Any co-conspirator [requested as potential Brady material];

    4. Any witness which the United States of America proposes to present in this case.

E.	To permit Defendant and his counsel to inspect and copy or photograph books, pages, documents, photographs, tangible objects, buildings, or places, or copies, or portions thereof, available to or within the possession, custody or control of the Government and which are material to the preparation of his defense or are intended for use by the United States Attorney as evidence at the trial or which are obtained from or belong to the Defendant.

F.	To permit Defendant and/or his counsel to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case or the investigation thereof, whether or not the United States Attorney considers them relevant, or copies thereof, available to or within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the Prosecuting Attorney. Such reports or results should include a written description of the testing methods utilized in obtaining the same and should include, but not be limited to, scientific tests and examinations conducted with respect to the following matter and things:

1. Polygraph examinations conducted upon any person in the investigation of this case, giving the date, time, place and identity of the person examined and the examiner, along with the results thereof, including but not limited to polygraph examinations conducted of:

   a. The Defendant;

   b. Any Co-Defendant [requested as potential Brady material];

   c. Any co-conspirator [requested as potential Brady material;

   d. Any person who acted as an agent on behalf of the Prosecuting Attorney or any law enforcement officer;

   e. Any suspect questioned in connection with the investigation of this case;

   f. Any witness whom the Government proposes to present in this case.

2. Firing of any weapon examined in connection with the investigation of this case.

3. The existence of latent fingerprints.

4. To determine the identity and quantity of any suspected or alleged contraband substance, including drugs or narcotics, scheduled or unscheduled.

5. For the comparison and identification of the following:

   a. Fingerprints;

   b. Firearms;

   c. Tools or other items;

   d. Handwriting;

   e. Voice exemplars;

   f. Footprints and/or tire tracks;

   g. Paper and markings thereon other than handwriting;

      h. Any parts or fluids of the body.

G.      To disclose to counsel for the Defendant any and all evidence, known or which may become known to the United States Attorney, favorable to the Defendant and material either to guilt or punishment, which should include any attempt by the United States Attorney or any law enforcement person, or any person acting as an agent for the United States Attorney or any law enforcement person, to induce the Defendant to commit an offense or to make a statement contrary to his interests, whether prior to, contemporaneous with, or subsequent to the date of the alleged offense in this case.

      1.      In light of the particularity requirement of *United States v. Agurs, 96 S.Ct. 2392 (1976)*, the Defendant's specific requests for favorable information include impeachment matters affecting the Government's case, including but not limited to the following:

      a. Prior felony and misdemeanor convictions and/or juvenile adjudications for all witnesses expected to be called by the Government, to be made available at trial.

      b. Specific instances of misconduct, "bad acts" by all witnesses expected to be called by the Government, whether or not resulting in a criminal conviction, to be made available at trial.

      c. Disclosure by the Government of any and all consideration it has held out to a witness or which the witness subjectively anticipates, including but not limited to: grants or promises of immunity; confirmed or tentative plea bargaining; monetary compensation; assistance in avoiding prosecuting in other jurisdictions; omission from being named in an indictment or as an unindicted coconspirator; any other considerations, regardless of their nature, granted or promised in return for testimony.

      d. The existence of pending criminal charges, either felony, misdemeanor, or juvenile, as well as parole or probation status of any and all witnesses the Government expects to call, to be made available at trial.

      e. The existence and identification of each occasion on which prosecution witnesses have testified or otherwise narrated concerning the facts of the present case, and to produce at trial the transcripts of such prior testimony.

      f. The disclosure of all occasions known to the Government on which a prosecuting witness, who is an informer, accomplice, co-defendant, or co-conspirator, has previously testified or otherwise narrated concerning the facts of the present case, and to produce at trial the transcripts of such prior testimony.

      g. The disclosure of the conduct of any line-ups or show-ups, either involving persons or photographs, conducted in the investigation of this case and the time, date, place and all participants therein, including the individual who conducted the same.

      h. The results of hypnosis sessions involving alleged victims and/or witnesses whether conducted by the Government or any duly authorized representative or conducted by any law enforcement agency or any of their duly authorized representatives.

      i. The results of any line-up, show-up, or photo identification proceedings as conducted by the Government or any law enforcement agency; as well as all descriptions given by any witnesses regarding the identification of the alleged perpetrator(s).

      j. The results of all blood analyses, hair analysis, and any other scientific tests performed in connection with this investigation involving any and all perpetrator(s).

      k. The names and addresses and statements of summaries of statements obtained by the Government or any law enforcement agency concerning the Defendant's lack of involvement concerning the commission of the alleged offense and/or statement or summaries of statement concerning suspects other than the Defendant in this matter.

H.    To furnish Defendant and/or his counsel, prior to the trial of this case, the written or recorded statements or summaries thereof of any witness relevant to these proceedings or, in the alternative, have available such statements for in camera inspection by the Court pursuant to Rule 26.2, Fed. Rules Crim. Procedure.

        Respectfully submitted,

         /s/  Antony A. Abboud_____
        ANTONY A. ABBOUD   (0078151)
        Attorney for Defendant
        130 West Second Street, Suite 1818
        Dayton, OH  45402
        (937) 226-1212

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was filed with the Court's CM/ECF System this 14th Day of August, 2009, which provides electronic notice to all parties.

        /s/ Antony A. Abboud
        ANTONY A. ABBOUD

  Attorney for Defendant, David Kemp